UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| VS. | § PETTY OFFENSE ACTION NO. 5:13-PO-11878 |
| | § CIVIL ACTION NO. 5:14-CV-51 |
| FELIX LOZANO-RODRIGUEZ | § |

## ORDER

The Court has previously set forth the history of this case in its Memorandum and Order of January 16, 2014. *See* Cr. Dkt. No. 8.[1] Pending before the Court are Petitioner's Emergency Motion to Vacate Judgment and Sentence of Illegal Re-Entry Conviction Pursuant to 28 U.S.C. 2255 (Cr. Dkt. No. 4), and Petitioner's Emergency Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Temporary Restraining Order (Cr. Dkt. No. 6). Also pending before the Court is the Government's Motion to Dismiss for Lack of Jurisdiction (Dkt. No. 14), wherein the Government argues that, pursuant to 8 U.S.C. § 1252(g), this Court lacks jurisdiction to hear Petitioner's habeas corpus claims under 28 U.S.C. §§ 2255 and 2241. Petitioner filed a response in opposition to the Government's motion (Dkt. No. 16) and asserts that the case on which he bases his argument for citizenship, *Iracheta v. Holder*, 730 F.3d 419 (5th Cir. 2013), was not decided until after the expiration of his 30-day period for filing a petition for review in the United

---

[1] "Dkt. No." refers to the docket number entry for the Court's electronic filing system. The Court will cite to the docket number entries rather than the title of each filing. Unless stated otherwise, "Dkt. No." will be used to refer to filings in the civil case number 5:14-CV-51 and "Cr. Dkt. No." will be used to refer to filings in petty offense case number 5:13-PO-11878.

States Court of Appeals for the Fifth Circuit.   Thus, Petitioner argues, habeas corpus is the only means he has available for reviewing his claim of citizenship.

Petitioner also states in his response that he has filed a separate motion for declaratory judgment. He states that his petition for review, if it had been timely filed in the Fifth Circuit, would have been transferred to this court and treated as a motion for declaratory judgment if any factual issues existed, so he was filing the motion "[o]ut of an abundance of caution" and "for judicial economy."   The motion was docketed in a separate civil case that was later transferred to the undersigned.[2] His Petition for Declaratory Judgment (Dkt. No. 1) in that case is also pending before the Court.

Insofar as Petitioner seeks to challenge his deportation order and establish his citizenship through both of his habeas petitions, the Court agrees with the Government that § 1252(g) precludes jurisdiction.   Contrary to Petitioner's argument, he was able to challenge his removal order and present his citizenship claim through a petition for review in the Fifth Circuit under § 1252(b)(5).   The fact that *Iracheta* was not yet decided only bears on the likely merit of his petition, not his ability to bring the petition.   Indeed, the petitioner in *Iracheta* was in a nearly identical situation and he successfully brought a petition for review in the Fifth Circuit under the proper procedures of § 1252.   Because Petitioner had other means through which he could have presented his claims, this Court lacks jurisdiction to

---

[2] The civil case was originally assigned to Senior United States District Judge George P. Kazen. Judge Kazen recognized the factual connection between Petitioner's declaratory judgment action and his habeas petitions, presumably because Petitioner referenced his habeas petitions in his declaratory-judgment petition. *See* Dkt. No. 1 at 4.   The case was then transferred the case to the undersigned on May 13, 2014.  Dkt. No. 3.

hear them.  *See generally Lee v. Gonzalez*, 410 F.3d 778, 784 (5th Cir. 2005) ("If an alien is ordered removed, he should file a petition for review; if this court lacks jurisdiction to hear that petition for review, only then may he file a petition for habeas corpus.").

Insofar as Petitioner challenges his illegal entry conviction in his § 2255 petition, he is plainly not entitled to relief.  *See* RULES GOVERNING SECTION 2255 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS, Rule 4(b).  As set out more fully in the Court's January 16 Memorandum and Order, the cases he cites to support a due-process claim involved defendants pleading guilty and admitting to factual bases that did not constitute crimes.  In this case, Petitioner argues that his conduct was not criminal because he was not in fact an alien.  However, the factual basis to which he admitted included the fact that he was an alien, and it was otherwise sufficient.  His claim that he is not actually an alien is a garden-variety actual-innocence claim that is not cognizable on habeas review.  *See In re Swearingen*, 556 F.3d 344, 348 (5th Cir. 2009).

Furthermore, 8 U.S.C. § 1503 precludes him from asserting his citizenship claim through a motion for declaratory judgment.[3]  A person may move for a

---

[3] District courts have an obligation "to dismiss an action whenever it appears that subject matter jurisdiction is lacking." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). A court may do so based on the complaint alone, *Manes v. City of Shavano Park*, 95 F.3d 51, at *2 (5th Cir. 1996) (per curiam), even if the defendant has not yet been served, *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Broussard v. Edwards*, 62 F.3d 394, at *1 (5th Cir. 1995) (per curiam) (holding that a district court may dismiss a case under the *in forma pauperis* statute, which states that "the court shall dismiss the case at any time of the court determines that . . . the action . . . is frivolous," even if defendants had not yet been served).  In this case, the Court need not look beyond the allegations in Petitioner's declaratory-judgment petition to determine that subject-matter jurisdiction is lacking.

declaratory judgment to establish his citizenship within five years of receiving a final administrative denial of his application for citizenship from the Department of Homeland Security ("DHS"). *See* 8 U.S.C. § 1503(a). But a district court lacks jurisdiction to hear such a claim if the issue of his status as a citizen "arose by reason of, or in connection with any removal proceedings." *See id.*

Petitioner has filed three N-600 applications for citizenship with DHS. He filed one in 2003 that was denied in 2007, one in 2009 that was denied later in 2009, and one in January of this year that is still pending. The Court lacks jurisdiction to entertain a motion for declaratory judgment based on any of these three applications. His application that was denied in 2007 falls outside of § 1503's five-year time period. Petitioner also states that his application from 2009 was filed after DHS had initiated removal proceedings against him, Dkt. No. 1 at 2, and therefore § 1503 expressly precludes jurisdiction. *See Rios-Valenzuela v. Dept. of Homeland Security*, 506 F.3d 393, 398–99 (5th Cir. 2007) (holding that a district court lacked jurisdiction to hear a motion for declaratory judgment regarding citizenship because, even though removal proceedings had already ended when the motion was filed, the motion still "arose by reason of, or in connection with," his removal proceeding under the meaning of 8 U.S.C. § 1503); *see also Telemaque v. Holder*, 450 F. App'x 417, 418 (5th Cir. 2011) (per curiam) ("DHS instituted removal proceedings against Telemaque in June 2007, asserting that Telemaque was neither a citizen nor national of the United States and that Telemaque was removable . . . . Thus, when Telemaque filed his § 2241 petition in February 2010, Telemaque's

'status as a national' had already arisen in connection with a removal proceeding . .

. ."); *Ortega v. Holder*, 592 F.3d 738, 743–44 (7th Cir. 2010) ("[A] party may not use

[a motion for declaratory judgment] to frustrate Congress's effort to channel all

appeals from removal proceedings–including those in which the alien raises claims

of nationality–through 8 U.S.C. § 1252.").   Finally, Petitioner states that he is

currently appealing the rejection of his January application,[4] which means that he

has not yet exhausted his administrative remedies as required by § 1503.  *See Dung*

*Quoc Nguyen v. Dept. of Homeland Security*, No. 5:09-CV-202-DCB-JMR, 2011 WL

1499216, at *2, *report and recommendation adopted* 2011 WL 1499063 (S.D. Miss.

Jan. 21, 2011) ("A claimant may apply for a Certificate of Citizenship with [DHS] on

a Form N-600 under 8 U.S.C. § 1452(a).  If unsuccessful, the claimant may appeal to

the Administrative Appeals Unit ('AAU') under 8 C.F.R. § 341.6, 103.3(a).  Only

after seeking review with the AAU, and thereby exhausting administrative

remedies, may a claimant under 8 U.S.C. § 1503(a) bring a declaratory judgment

action in a district court for a declaration of citizenship." (citing *Rios-Valenzuela*,

506 F.3d at 397)).

Accordingly, the Government's Motion to Dismiss for Lack of Jurisdiction

(Dkt. No. 14) is **GRANTED**.   Petitioner's § 2241 motion (Cr. Dkt. No. 6) is

**DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.   Insofar as

Petitioner's § 2255 motion (Cr. Dkt. No. 4) seeks to challenge his removal order and

establish his citizenship, it is **DISMISSED WITHOUT PREJUDICE** for lack of

---

[4] It appears that DHS did not reject his January application on the merits, but because he filed it in the incorrect office.  *See* Dkt. No. 2 at 6.

jurisdiction.  Insofar as Petitioner's § 2255 motion seeks to vacate his conviction, it is **DISMISSED WITH PREJUDICE**.  Finally, Petitioner's Motion for Declaratory Judgment (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.  The Court hereby **LIFTS THE STAY** of Petitioner's removal.

It is so **ORDERED**.

**SIGNED** this 4th day of June, 2014.

Marina Garcia Marmolejo
United States District Judge